UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

  -v-                                                                               No.   20 CR 613-LTS-1

MICHAEL COLELLO,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received and reviewed Defendant Michael Colello's motion to dismiss the indictment (docket entry no. 35 ("the Motion")), the Government's response to the Motion (docket entry no. 37 ("Opp.")), and Mr. Colello's reply (docket entry no. 38 ("Reply")). For the reasons explained below, the Motion is denied in its entirety.[1]

## BACKGROUND

Mr. Colello was indicted on November 17, 2020, for conspiracy to commit wire fraud (under 18 U.S.C. section 1349) and aggravated identity theft (under 18 U.S.C. section 1028A(a)(1)), in connection with a wire fraud scheme allegedly perpetrated by Mr. Colello and his co-defendant Charles Sayegh. (Docket entry no. 1 ("Indct.").) The indictment alleges that Mr. Colello and Mr. Sayegh spent over a year perpetrating a scheme to defraud an oil and gas company ("the Company"). (Indct. at 1.) Through a series of misrepresentations and falsified

---

[1] Mr. Colello requests that the Court conduct an evidentiary hearing to resolve this motion. The Government submits that no evidentiary hearing is necessary because the motion can be resolved on the filings. The Court agrees that an evidentiary hearing is not necessary and, accordingly, denies Mr. Colello's request for a hearing.

financial reports, the defendants, according to the indictment, induced the Company to wire approximately $1.9 million to their bank accounts (for the stated purpose of assisting the Company to obtain a letter of credit and surety bonds)—but failed to use the money as promised and instead kept the funds for their own benefit.  (Indct. at 1-8.)  The indictment alleges that these events occurred from January 2015 to July 2016. (Indct. at 1.)

DISCUSSION

Mr. Colello moves under Rule 12(b) of the Federal Rules of Criminal Procedure to dismiss the indictment as time-barred or, alternatively, to exclude allegations regarding certain transactions for lack of specificity.  Under Rule 12(b), a defendant may "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).  A defendant may move under Rule 12(b) to dismiss an indictment for alleged violations of the statute of limitations, and a court may decide such a motion when the arguments can be analyzed "from the face of the indictment" without resorting to any determination of "evidentiary questions."  See United States v. Sampson, 898 F.3d 270, 279 (2d Cir. 2018) (citation omitted).  "When deciding a motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b), a court must accept all factual allegations in the indictment as true." United States v. Thomas, 492 F. Supp. 2d 405, 412 (S.D.N.Y. 2007).

Here, the parties agree that the statute of limitations applicable to both counts of the indictment is five years, pursuant to 18 U.S.C. section 3282(a).  Mr. Colello contends that the vast majority of the events described in the indictment occurred prior to the five-year cutoff (i.e., November 17, 2015), and that the indictment does not contain enough factual detail regarding the few overt acts that allegedly occurred in 2016.  The Government counters that a straightforward

reading of the face of the indictment shows multiple overt acts committed within the statutory period that formed the basis of the conspiracy.

While statutes of limitation normally begin to run at the time the crime is complete, "[t]he time at which a crime is complete depends largely on the nature of the crime"—some crimes are "instantaneous" while others are "continuing." United States v. Eppolito, 543 F.3d 25, 46 (2d Cir. 2008) (citation omitted). A continuing offense is one that "involves a prolonged course of conduct; its commission is not complete until the conduct has run its course." Id. (citation and quotation omitted). Both of the offenses that Mr. Colello is charged with (conspiracy and aggravated identify theft) are continuing offenses. See United States v. Payne, 591 F.3d 46, 69 (2d Cir. 2010) (conspiracy); United States v. Treacy, No. 5:13-CR-00018, 2014 WL 12698499, at *7 (W.D. Va. Jan. 28, 2014), aff'd on other grounds, 677 F. App'x 869 (4th Cir. 2017) (aggravated identity theft).

In the case of continuing offenses such as conspiracy, the statute of limitations is generally satisfied when the Government "establishes that the conspiracy operated within the five-year period preceding the indictment, and a conspirator knowingly committed at least one overt act in furtherance of the scheme within that period." United States v. Salmonese, 352 F.3d 608, 614 (2d Cir. 2003). In the context of financial fraud conspiracies, examples of potential overt acts may include: (1) a conspirator's "receipt of their anticipated economic benefits" gained via their scheme; (2) "efforts to secrete or launder moneys gained" from their scheme; or (3) communications with victims (or others) which are "designed to lull the victims into a false sense of security [and] postpone their ultimate complaint to the authorities." See United States v. Jergensen, 797 F. App'x 4, 6 (2d Cir. 2019) (citations and quotations omitted).

While wire fraud conspiracy does not require proof of an overt act,[2] the indictment's allegations of actions taken within the five-year period are sufficient to bring both charges within the five-year statute of limitations.  First, as to the charged wire fraud conspiracy, the indictment alleges that, between July 24, 2015, and July 25, 2016, the defendants participated in at least three separate wire transfers to collect or distribute the funds that they had misappropriated.  (Indct. at 4.)  These alleged wire transfers constitute a conspirator's "receipt of their anticipated economic benefits" from their fraud during a time span (November 2015—July 2016) that falls within the 5-year statutory period, and thus are sufficient at this stage to demonstrate that the indictment is timely as to the wire fraud charge.

As for the aggravated identity theft charge, the indictment alleges that, on March 29, 2016, Mr. Colello sent an email to a collaborator of the Company which contained a fabricated letter of credit (in which Mr. Colello utilized the name and signature of a real bank employee).  (Indct. at 5-6.)  The Government proffers that this email was sent in an effort to safeguard the fraudulently obtained funds from recovery and to reassure the victims that nothing was amiss.  As this email is alleged to have been sent within the 5-year statutory period, the aggravated identity theft charge is pleaded in a timely fashion.  Questions of the ultimate ability of the Government to prove its allegations as to the length of the conspiratorial conduct and the relationships among the acts are not appropriately resolved on a motion to dismiss an indictment.  See Sampson, 898 F.3d at 285 (vacating dismissal of indictment where factual dispute concerning statute of limitations was "inextricably intertwined with an element of the crime").

---

[2]   See 18 U.S.C. § 1349 (wire fraud conspiracy).  The Second Circuit has recently held that "a conspiracy conviction under § 1349 does not require proof of an overt act."  United States v. Roy, 783 F.3d 418, 420 (2d Cir. 2015).

Finally, insofar as Mr. Colello challenges the indictment for lack of specificity, his argument is without merit.  "Courts have repeatedly refused, in the absence of prejudice, to dismiss counts of indictments for lack of specificity when the charges in an indictment have stated the elements of the offense and provided even minimal protection against double jeopardy."  United States v. Nejad, No. 18-CR-224-AJN, 2019 WL 6702361, at *15 (S.D.N.Y. Dec. 6, 2019) (quoting United States v. Stringer, 730 F.3d 120, 124 (2d Cir. 2013)).  An indictment "need do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."  Stringer, 730 F.3d at 124 (citation omitted).  The indictment here is sufficiently specific.  It does far more than track the statutory language and state the time and place of the alleged crimes—it includes twelve pages of allegations describing in detail the mechanics of the alleged financial crimes, the actions of the participants, and the timeline of events.  Further, Mr. Colello has made no showing that he has been prejudiced by any lack of specificity that may exist in the indictment (especially given this Court's rejection of his statute of limitations claim).  Accordingly, because none of the charges is clearly time-barred on the face of the indictment and the indictment is sufficiently specific, the Motion is denied.

<u>CONCLUSION</u>

Defendant Colello's motion to dismiss the indictment is denied. Docket entry no. 35 is resolved. The next pretrial conference in this case is scheduled for February 8, 2022, at 2:00 p.m.

SO ORDERED.

Dated: New York, New York
January 25, 2022

                                                                                                        /s/ Laura Taylor Swain
                                                                                                      LAURA TAYLOR SWAIN
                                                                                                       Chief United States District Judge