UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    -v-<br><br>MICHAEL COLELLO,<br><br>            Defendant. | 20-cr-613 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

   Trial in this case is firmly set to begin on Monday, May 22. Over the last week, the Government beaome aware that one of its witnesses, Nicholas Burgoyne, who resides in the United Kingdom, was hospitalized due to heart failure. After Mr. Burgoyne informed the Government that his doctors believed he could not safely travel to the United States to testify, the Government applied today for permission for Mr. Burgoyne to testify via two-way video testimony. Colello opposes this request.

   Following consideration of the parties' letter briefs,[1] the Court concludes that Mr. Burgoyne may testify by two-way video connection subject to certain pre-conditions specified further below. As the Second Circuit has previously held in United States v. Gigante, 166 F.3d 75 (2d Cir. 1999), a two-way video connection "provide[s] at least as great protection of confrontation rights as" Federal Rule of

---

   [1] These were submitted by email to the Court, but both parties should docket these briefs promptly.

1

Criminal Procedure 15, which allows video depositions in lieu of trial testimony of a prospective witness "if that witness's testimony is material to the case and if the witness is unavailable to appear at trial." Id. at 81. Exigent health circumstances that preclude a witness from traveling to testify at trial have consistently been held to satisfy this "unavailability" requirement. Id. See also USA v. Akhavan, 523 F.Supp.3d 443, 455-56 (S.D.N.Y. 2021) (permitting a key witness to testify via two-way video where the witness was at heightened risk for COVID-19 and travel from California to New York to testify would have exposed him to significant risk of infection), aff'd by United States v. Patterson, No. 21-1678, 2022 WL 17825627, at *4-5 (2d Cir. Dec. 21, 2022). Here, the Government has provided its email communications with Mr. Burgoyne as well as treatment notes from Mr. Burgoyne's doctors that establish that Mr. Burgoyne cannot walk any significant distance, let alone travel to the United States to testify. The Court therefore easily concludes that Mr. Burgoyne is "unavailable" to testify in person. The Court also concludes Mr. Burgoyne's testimony is "material," as the Government has indicated that Mr. Burgoyne was the defendant's primary contact at a company allegedly defrauded by the defendant and that Mr. Burgoyne will testify as to key parts of the Government's case.

    Defendant raises several concerns relating to the fact that Mr. Burgoyne will be testifying from abroad. But Mr. Burgoyne will still be testifying under oath and subject to potential extradition and criminal prosecution in this country should he lie -- a point the

Court requires the Government to convey to Mr. Burgoyne prior to his testimony and a requirement the Court will confirm with Mr. Burgoyne at the outset of his testimony. See United States v. Mostafa, 14 F. Supp. 3d 515, 525 (S.D.N.Y. 2014) (permitting remote video testimony of a witness abroad so long as the "Government [] confirm[ed] that [the witness] agrees to be bound by an oath that subjects him to the penalty of perjury in the United States").[2]

    Defendant also notes that, in Gigante, defense counsel was able to examine the unavailable witness's physicians. Gigante, 166 F.3d at 79. The Court agrees that defense counsel should have some opportunity to examine Mr. Burgoyne's physicians, so as to satisfy himself both as to Mr. Burgoyne's actual unavailability for testimony and his competency to testify in light of his conditions and medications. By the morning of Tuesday, May 23, the Government should therefore first obtain Mr. Burgoyne's consent for one of his treating physicians to speak about his condition with defense counsel and then convene a joint call with that doctor, Government counsel, and defense counsel, so defense counsel may inquire of the physician about Mr. Burgoyne's inability to travel and his competency to testify. Following that interview, should defense counsel wish to raise further issues

---

    [2] The Court notes Rule 15 may be used to permit the deposition testimony of witnesses abroad, and the upshot of Gigante is that live two-way video testimony at trial is more protective than video depositions permitted under Rule 15. 166 F.3d at 81.

concerning Mr. Burgoyne's unavailability or competency to testify, he should do so during a trial break on Tuesday, May 23.

Subject to these conditions, the Government's application to allow Mr. Burgoyne to testify via two-way video is granted.


SO ORDERED.

New York, NY
May 19, 2023

                                                     JED S. RAKOFF, U.S.D.J.